IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12−cv−288−GPM |
| | ) |
| WEXFORD HEALTH SOURCES, DR. ARTHUR FUNK, DR. MAGID FAHIM, DR. FUENTES, DR. SHEPERD, S.A. GODINEZ, DR. NWABASCI, DR. PLATT, DR. KRIEGH, MS. POLLION, MS. CRISS, UNKNOWN NURSE PRACTITIONER, LISA GAIL, LOUIS SHICKER, DAVID REDNOUR, SHANNIS STOCK, NIKKI MALLEY, UNKNOWN MALE MEDICAL TECHS, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center, has brought this *pro se* civil rights claim pursuant to 42 U.S.C. § 1983. Plaintiff claims that numerous defendants were deliberately indifferent to a serious medical condition while he was incarcerated at Menard Correctional Center. More specifically, Plaintiff alleges that from January 2010, he has been complaining about urological pain which has gone untreated. Plaintiff alleges that he first met with Dr. Fahim in January 2010 and Fahim placed him on antibiotics for his pain and ordered a urine sample. He continued to have pain and then saw a Ms. Pollion, a nurse practitioner who again ordered antibiotics and referred him back to Dr. Fahim. However, Plaintiff was unable to see Dr. Fahim for over two months as his sick calls were continually denied. He saw Fahim in April or May of 2010, but he only performed a test, acted in a rough manner, prescribed him

aspirin, and informed Plaintiff that his symptoms were in his head. Plaintiff continued to suffer pain through the summer of 2010 and placed sick calls which were ignored and informed nurses of his pain. He also indicates that he was prescribed medications during this time period and was given an ultra sound in September.

He continued to suffer the same pain and he saw a female nurse practitioner, though the exact date of when he saw her is unknown, who prescribed him the same antibiotics as before and gave him some cream. He also saw a Dr. Samuel Nwabasci[1], who ordered a urine test and gave him pain pills. Nwabasci also removed a cist from his back, but that does not appear to be the subject of this complaint. He also saw a Dr. Fuentes, who again placed him on the same antibiotics. Plaintiff informed her that he had been on these same medications twice with no relief, but Fuentes ignored him.

He saw Dr. Nwabasci again in April 2011 and he recommended a 24 hour urine sample. After the test, he saw Dr. Fahim who recommended a catheter test and ordered a prescription for 3 months of aspirin. Even though Plaintiff informed him that he had been on aspirin before with no relief, Dr. Fahim continued to prescribe him the aspirin. He had a catheter test in both May and June 2011. Though he informed a medical technician in June that he had the same test in May, the tech continued to perform the test. He had another catheter test performed by Dr. Fahim on July 5, 2011.

Plaintiff alleges that he continues to suffer pain and has put in numerous sick calls and spoke with nurses on every shift, but his sick calls are either canceled or rescheduled. When the sick calls are rescheduled, he is never given a new date for the appointment.

---

[1] The Court notes that Plaintiff spells Dr. Nwabasci's name different throughout his complaint and often refers to him as Nwaobasi.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. To state an Eighth Amendment claim of deliberate indifference, a plaintiff must allege that he had an objectively serious medical need, and that a defendant was aware of that need but deliberately indifferent to it. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal claim against Defendants Dr. Magid Fahim, the unknown Jane Doe nurse practitioner, Dr. Nwabasci, and Dr. Fuentes for deliberate indifference to Plaintiff's serious medical needs. Plaintiff alleges that the doctors continued to prescribe him the same antibiotics even though he continued to suffer pain after earlier rounds of the medication, and that Dr. Fahim denied his sick calls for over two months.

However, as to Defendants Ms. Pollion, Dr. Shepard, Dr. Platt, Dr. Kriegh, and the unknown medical technicians, Plaintiff has failed to allege a claim of deliberate indifference. As to Dr. Shepard, Dr. Platt, and Dr. Kriegh, Plaintiff only mentions them at the end of his complaint and only says he is complaining more about these doctors. However, he never alleges how Defendants Shepard, Platt, or Kriegh were deliberately indifferent to Plaintiff's medical needs or that Plaintiff even saw these Defendants. Thus, the Court **DISMISSES without prejudice** Plaintiff's claims against Shepard, Platt, and Kriegh for failure to state a claim. As to Ms. Pollion, Plaintiff merely states that he saw her on one occasion and that she prescribed antibiotics. He does not allege any way in which she was deliberately indifferent, only that she prescribed him medication and referred him to another doctor. Further, as to the unknown medical technicians, he only alleges that they were the ones that performed the catheter tests. Thus, the Court finds that he has failed to state a claim against Ms. Pollion and the unknown

medical technicians as well, and thus the Court **DISMISSES the claims against them without prejudice.**

Plaintiff has also failed to allege any allegations against numerous Defendants. Although Plaintiff names various individuals in the caption of his complaint, including Dr. Arthur Funk, Ms. Criss, Lisa Gail, and Louis Shicker, he has failed to allege any claims against these Defendants or even discuss them in the complaint. Thus, these individuals are **DISMISSED without prejudice**.

The same goes for Wexford Health Sources. Plaintiff has failed to state any allegations against them, nor has he alleged that Wexford created a policy or practice that caused him to be denied treatment. The Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical needs, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Medical Serv. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir.2004). As Plaintiff has failed to allege that Wexford maintained a policy that infringed upon his rights, Wexford Health Sources is also **DISMISSED without prejudice**.

Plaintiff also names S.A. Godinez, David Rednour, Shannis Stock, and Nikki Malley as Defendants in this complaint. S.A. Godinez is the head of IDOC. David Rednour was acting warden of Menard Correctional Center at the time the allegations in this complaint took place and Shannis Stock was program warden. Plaintiff lists Nikki Malley as the Health Care Unit Administrator. However, Plaintiff does not raise any claims against these Defendants in the body of his complaint and, presuming he seeks to add them as defendants in their supervisory roles, the doctrine of *respondeat superior* is not applicable to § 1983 actions. ***Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).** Nor has Plaintiff sought

injunctive relief for which S.A. Godinez or any of the wardens would be responsible for implementing.  Thus, the Court **DISMISSES without prejudice** the claims against S.A. Godinez, David Rednour, Shannis Stock, and Nikki Malley.

### PENDING MOTION

The Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel (Doc. 9).  There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. Id. When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  Plaintiff alleges that he has contacted three lawyers and received responses but he was not able to forward them to the Court.  While Plaintiff has met the first step in the inquiry, it is appears at this stage in the litigation he is able to represent himself.  His filings have been legible and easy to understand and this case is in the early stages litigation as Defendants have not yet been served and allowed to file an Answer.  Thus, the Court **DENIES** Plaintiff's motion to appoint counsel (Doc. 9).  Plaintiff may choose to re-file this motion at a later stage in the litigation.

The Court also notes that there is a pending motion for status update (Doc. 10) which the Court now **FINDS AS MOOT** as the Court has conducted its preliminary review.

### DISPOSITION

Accordingly, the Court **DISMISSES without prejudice** Plaintiff's claims against

Ms. Pollion, Wexford Health Sources, Dr. Shepard, Dr. Platt, Dr. Kriegh, unknown medical technicians, Dr. Arthur Funk, Ms. Criss, Lisa Gail, Louis Shicker, S.A. Godinez, David Rednour, Shannis Stock, and Nikki Malley.

As to Defendants Magid Fahim, Dr. Fuentes, and Dr. Nwabasci, the Clerk of Court shall prepare: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk **is DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Jane Doe Nurse Practitioner Defendant until such time as Plaintiff has identified her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses of these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: August 16, 2012

*/s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge